FILED
United States Court of Appeals
Tenth Circuit

December 21, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SIDNEY M. BLAKE,

　　　　Plaintiff-Appellant,

v.

BRIAN WEBSTER; JULIE FULLER;
RYDER MAY; DOCTOR
FORTUNATO; KEVIN MILYARD,

　　　　Defendants-Appellees.

No. 12-1129
(D.C. No. 1:10-CV-00162-DME-CBS)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **O'BRIEN**, Circuit Judges.

　　　　Plaintiff Sidney M. Blake, a state prisoner proceeding pro se, appeals from the

district court's dismissal of his 42 U.S.C. § 1983 prisoner civil rights complaint.

Mr. Blake asserted two claims that the defendant prison officials were deliberately

indifferent to his serious medical condition of pericardial effusion. The magistrate

---

[*]　　　After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

judge issued a report and recommendation (R&R) to grant the defendants' motion for summary judgment. Following a de novo review, the district court adopted the R&R and granted summary judgment in favor of the defendants. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

The magistrate judge thoroughly set forth the evidence and undisputed facts, so we only briefly summarize them. Mr. Blake, while incarcerated at the Sterling Correctional Facility, was seen at Sterling's medical clinic three times in November 2008, complaining of chest pain, but each time all of his vital signs were within normal ranges. He was seen on December 7, 2008, for shortness of breath, sweating, and an elevated temperature. He was not in acute distress and his lungs were clear, but he was hoarse, had a red throat and swollen tonsils. Defendant Brian Webster, a physician's assistant, ordered a throat culture and prescribed an antibiotic. Mr. Blake returned to the clinic on December 9, complaining of chest pain. Mr. Webster prescribed an anti-inflammatory drug and ordered a chest x-ray. Dr. Fortunato, a staff physician at Sterling, read the x-ray that day and thought it indicated pleural effusion (excess fluid in the chest cavity around the lungs). Mr. Webster placed Mr. Blake on "lay-in" status and arranged for his transfer to a regional medical center on December 10. There, an echo-cardiogram performed at 2:00 p.m. revealed that Mr. Blake had pericardial effusion (excess fluid in the pericardial cavity). He was transferred to a Denver hospital. He was admitted at 9:20 p.m., and a pericardial drain to remove the excess fluid was performed by 1:45 a.m. on December 11.

Mr. Blake's § 1983 complaint alleged Mr. Webster, Dr. Fortunato, Sterling's warden and several other of its health care providers were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. He alleged defendants denied medical treatment for his pericardial effusion on December 7, and that his medical treatment was delayed for three to four hours on December 10, while Sterling officials arranged his transport from the regional medical center to the Denver hospital. In the R&R, the magistrate judge described at length the actions of each defendant with regard to Mr. Blake's medical care, concluding that none had denied or delayed medical treatment. The magistrate judge concluded that the undisputed evidence demonstrated that the defendants provided continuous evaluation and tests, Mr. Blake was transported to an outside medical facility when pleural effusion was suspected, and then promptly transferred to a Denver hospital when pericardial effusion was diagnosed. The district court adopted the R&R, and granted summary judgment, ruling that Mr. Blake did not present any evidence demonstrating "that [d]efendants delayed or denied [Mr. Blake] medical care at all, let alone with deliberate indifference." Aplee. App., Vol. II at 396.

We review the district court's order granting summary judgment de novo, applying the same standard as the district court. *Ribeau v. Katt*, 681 F.3d 1190, 1194 (10th Cir. 2012). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When applying this standard, we view the

evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Ribeau*, 681 F.3d at 1194.

Prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of prisoners in their custody. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish deliberate indifference, the plaintiff must show the medical need was objectively serious, and that the prison official subjectively knew of and recklessly disregarded an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). "[A] delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm." *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001) (internal quotation marks omitted).

On appeal, Mr. Blake states only that the defendants were deliberately indifferent to his medical needs and asks this court to look at the facts. Although we liberally construe Mr. Blake's pro se filings, we may not "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

We have reviewed the appellate briefs, the record on appeal and the relevant legal authorities. The magistrate judge applied the correct legal standards and we agree with its cogent and well-reasoned analysis. Accordingly, we affirm the district court's judgment for substantially the same reasons stated by the magistrate judge in the R&R dated December 13, 2011, which was adopted by the district court's order

dated March 13, 2012.  We grant Mr. Blake's motion to proceed in forma pauperis on appeal and remind him of his obligation to continue making partial payments until the entire filing fee has been paid in full.

Entered for the Court


Monroe G. McKay
Circuit Judge
